UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

T-MOBILE SOUTH LLC, etc.,

    Plaintiff,

vs.                                                 Case No. 3:06-cv-770-J-16HTS

CITY OF JACKSONVILLE, etc.,

    Defendant.
_____

**O R D E R**

This cause is before the Court on Defendant's Motion to Strike Amended Complaint (Doc. #18; Motion). Plaintiff's Response to Defendant's Motion to Strike Amended Complaint (Doc. #19) was subsequently filed.

Defendant argues the Amended Complaint (Doc. #16; Amended Complaint) filed on January 16, 2007, "is materially and significantly inconsistent with the proposed Amended Complaint" attached to Plaintiff, T-Mobile South LLC's, Motion for Leave to Amend Complaint (Doc. #11; Motion to Amend). Motion at 2. It is alleged "the City's non-objection to the filing of the Amended Complaint was specifically limited to the filing being authorized so that the Plaintiff could plead the required elements of the injunction." *Id.* Yet, the Amended Complaint "contained

Plaintiff's contention that it was not required to plead and prove injunctive relief." *Id.*  In that regard, Defendant maintains "the Amended Complaint extends beyond the scope consented to by the City and that permitted by this Court." *Id.* at 2-3.

In the Motion to Amend, Plaintiff explained that "[a]lthough [it] does not believe that alleging the traditional elements of injunctive relief is necessary, in an abundance of caution it desires to plead these elements along with more specific allegations as to how the City violated the Federal Telecommunication[s] Act as set forth in the proposed Amended Complaint[.]"  Motion to Amend at 2.  In granting the Motion to Amend, the Court directed Plaintiff to "file a signed amended complaint, consistent with the [attached] Amended Complaint[.]" Order (Doc. #15) at 2.  Because the Amended Complaint differed from that which was proposed, *compare* Amended Complaint (Doc. #16) *with* Amended Complaint, attached to the Motion to Amend as Exhibit 1, Defendant asks that it be stricken.  Motion at 3; *see also* correspondence, attached to the Motion as Exhibit D.

Pursuant to Rule 12(f), Federal Rules of Civil Procedure (Rule(s)), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts[.]"  *Thompson v. Kindred Nursing Ctrs. E., LLC,* 211 F. Supp. 2d 1345, 1348 (M.D.

Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) and *Poston v. Am. President Lines Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)). "A 'court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)); *see also Green v. Amjak Enters., Inc.*, No. 2:06-cv-264-FtM-29SPC, 2006 WL 2265455, at *1 (M.D. Fla. Aug. 8, 2006); *Cherry v. Crow*, 845 F. Supp. 1520, 1524-25 (M.D. Fla. 1994).

Defendant's objection centers around the inclusion of assertions that Plaintiff is not required to plead or prove the elements of injunctive relief under the applicable law. *See* Motion at 2. Defendant maintains its understanding that the complaint would be amended only to allow Plaintiff to plead those elements. *Id.* at 1. And while Plaintiff did indeed plead the elements of injunctive relief, Amended Complaint at 14-15, it also alleged that it was not necessary to do so. *See id.* at 11, 14.

The Court is not of the view that Plaintiff's statements that it is not required to plead the elements of injunctive relief, made in conjunction with actually pleading them, makes the filed Amended Complaint inconsistent with the version attached to the Motion to

Amend such that it must be stricken.  Further, Defendant has not demonstrated how the added content is redundant, immaterial, impertinent, or scandalous as required by Rule 12(f).  Any arguments concerning whether the elements of injunctive relief must actually be pleaded and/or proven in this case would be more appropriately presented in a dispositive motion.

In light of the foregoing, the Motion (Doc. #18) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of February, 2007.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    pro se parties, if any